IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO.: 8:23-265 |
| | ) | 18 U.S.C. § 2252A(a)(5)(B) |
| | ) | 18 U.S.C. § 2252A(b)(2) |
| | ) | 18 U.S.C. § 2252(a)(2) |
| vs. | ) | 18 U.S.C. § 2253 |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| | ) | |
| MICHAEL DAVID BYRD | ) | INDICTMENT |

## COUNT 1

THE GRAND JURY CHARGES:

On or about November 22, 2022, in the District of South Carolina, the Defendant, MICHAEL DAVID BYRD, did knowingly possess material that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8), which involved a prepubescent minor or a minor who had not attained 12 years of age, and which had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and which were produced using materials that had been mailed and shipped and transported in interstate and foreign commerce by any means, including by computer, in that he did possess an Apple iPhone (Serial Number F2MXMPAWKPHC) on which were stored visual depictions of persons under the age of eighteen engaging in sexually explicit conduct, as that term is defined in Title 18, United States Code, Section 2256(2);

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

On or about November 9, 2022, in the District of South Carolina and elsewhere, the Defendant, MICHAEL DAVID BYRD, did knowingly distribute visual depictions using a means and facility of interstate commerce and that had been transported in interstate commerce, and which contained materials which had been so transported by any means, including by computer, the production of which involved the use of a minor engaging in sexually explicit conduct, as that term is defined in Title 18, United States Code, Section 2256(2), and which visual depiction was of such conduct;

In violation of Title 18, United States Code, Section 2252(a)(2).

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

On or about November 16, 2022, in the District of South Carolina and elsewhere, the Defendant, MICHAEL DAVID BYRD, did knowingly distribute visual depictions using a means and facility of interstate commerce and that had been transported in interstate commerce, and which contained materials which had been so transported by any means, including by computer, the production of which involved the use of a minor engaging in sexually explicit conduct, as that term is defined in Title 18, United States Code, Section 2256(2), and which visual depiction was of such conduct;

In violation of Title 18, United States Code, Section 2252(a)(2).

## FORFEITURE

CHILD PORNOGRAPHY:

Upon conviction for violations of Title 18, United States Code, Sections 2252 and 2252A, as charged in this Indictment, the Defendant, MICHAEL DAVID BYRD, shall forfeit to the United States his interest in:

   i. any visual depiction described in section 2251, 2251A, or 2252, 2252A of chapter 110 of the United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of chapter 110 of the United States Code;

   ii. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

   iii. any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses.

PROPERTY:

Pursuant to Title 18, United States Code, Section 2253 and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the offenses charged in this Indictment includes, but is not limited to, the following:

   A.   Cash Proceeds/Forfeiture Judgment:

   A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in this Indictment, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to his violations of Title 18.

    B.    <u>Electronic Equipment</u>:

        Apple iPhone
        IMEI Number: 357263094255976
        Serial Number: F2MXMPAWKPHC

SUBSTITUTE ASSETS:

If any of the property described above, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of Defendant up to an amount equivalent to the value of the above-described forfeitable property;

All pursuant to Title 18, United States Code, Section 2253 and Title 28, United States Code, Section 2461(c).

A **True** Bill

REDACTED
FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: *Winston Marosek*
Winston I. Marosek (Fed. ID 13189)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, South Carolina 29601
Tel:     864-282-2100
Fax:    864-233-3158
Email: Winston.Marosek@usdoj.gov